**WILSON v. GAS SERVICE CO. (two cases).**

**Nos. 5317, 5318.**

United States District Court
W. D. Missouri, W. D.

Feb. 9, 1951.

See also P.C., 10 F.R.D. 428.

Henry A. Riederer, Fred J. Freel, Kansas City, Mo., for plaintiffs.

Charles M. Miller, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The motion for a new trial is a limited one. Counsel have entitled it, "Plaintiff's Motion for New Trial on the Issue of Damages Only, or in the Alternative, Motion for a New Trial."

The reason for the limitation in the motion is that earnest counsel for the several plaintiffs believe that the verdicts were inadequate. No suggestion is made that the jury was not properly instructed, or that it was guilty of any misconduct or displayed any passion or prejudice. Able counsel conclude that there must have been passion or prejudice, or otherwise the verdicts would have been larger.

The plaintiff in case numbered 5317 claimed injuries from a gas explosion caused by the alleged negligence of the defendant in supplying gas service to its customers. The jury found that there was negligence, and, having heard the testimony, assessed damages on behalf of plaintiff in the sum of $1000.

In case numbered 5318 the husband sued for loss of consortium and for medical expenses. The jury allowed $300. There was no question but that the explosion caused serious damage to the apartment and the very room occupied by the plaintiff. However, she was able to leave the room, went out in the open, spent some time at a neighbor's and then sat on the sidewalk and observed matters that transpired after the explosion. She was not confined in the hospital very long and shortly thereafter took a journey to the East with her husband. There was evidence on the question as to the extent of her damages. After determining the liability of the defendant the jury weighed the evidence as to the amount of damages sustained and made the awards above mentioned.

1. As indicated, the plaintiffs claim that the damages allowed were inadequate. At common law new trials were not granted on the ground of inadequate damages in actions for tort. This rule, however, has been somewhat relaxed in the American Courts. 66 C.J.S., New Trial, § 77, page 252.

And the Supreme Court of the United States, in Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, loc. cit. 35, 64 S.Ct. 409, loc. cit. 412, 88 L.Ed. 520, laid down the doctrine in respect of jury verdicts: "Courts are not free to reweigh the evi-

dence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

2. The courts of Missouri, as well as the federal courts, have fixed certain standards for the judges to follow in the matter of claimed inadequate verdicts. In the case of Coghlan v. Trumbo, 179 S.W. 2d 705, loc. cit. 706, the Supreme Court of Missouri said: "The jury having found liability, by its verdict, is bound to award the plaintiff damages commensurate with the nature and extent of his injuries. * * * But the test is and the fact of inadequacy is made to appear when the verdict is so meager as to be shocking and can be accounted for or justified only on the hypothesis that it resulted from passion and prejudice on the part of the jury. * * * It must be remembered that 'the amount of an award of damages is, under proper instructions * * * a matter resting within the sound discretion of the jury' ".

In the case of Waggaman v. General Finance Co., 3 Cir., 116 F.2d 254, loc. cit. 259, announced prevalent doctrine: "Where damages are unliquidated and the measure does not give a mathematically certain result, before a court may disturb a jury's verdict on the ground of excessiveness, the verdict must in fact appear to be excessive. * * * This rule is peculiarly applicable in actions for personal injuries based upon tort."

It should be here stated that the American rule prevails that the identical principles apply in cases of both excessive and inadequate damages.

In Baker v. Chicago, B. & Q. Railroad Co., 327 Mo. 986, loc. cit. 1011, 39 S.W.2d 535, loc. cit. 546, the court said: "It was the peculiar province of the jury to determine the extent and permanency of the plaintiff's injuries, and the damages to be assessed therefor. * * * An appellate court will not interfere with an award of damages unless the amount is 'so glaringly unauthorized by the evidence as to shock the judicial sense of right or compel a conviction that the verdict was the result of prejudice, passion, or bias.' "

In a very brief opinion the Court of Appeals for the 6th Cir., in Great Lakes Greyhound Bus Lines, Inc., v. Hightower, 163 F.2d 1016, said: "It being also our view that in the light of present economic conditions a verdict in the sum of $20,000 for the death of the decedent is not so excessive as to strike the mind at first blush as being the result of passion and prejudice, which is the test of excessiveness applied in the Kentucky courts, *in the light of the general rule that the amount of recovery in tort actions is peculiarly within the province of the jury*". (Emphasis mine.)

The identical rule as above underscored is the prevailing doctrine in Missouri. The entire doctrine was epitomized by Judge Anderson of the St. Louis Court of Appeals, in Scheidegger v. Thompson, 174 S.W.2d 216, loc. cit. 222, in the following apt and pertinent language: "In determining whether a verdict is excessive, the test seems to be whether or not the size of the verdict is such as to shock the conscience of the court."

A careful study and review of the evidence in this case is not convincing that the verdict of the jury was the result of passion, prejudice or bias, but it was a verdict reasonably resulting from all the facts and circumstances in evidence relating to the injuries sustained by the plaintiffs.

In view of the above, the court should deny the motions for new trial for each of the parties in the consolidated cases, and such an order will be made.